UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CRIMINAL NO. 1:15-CR-00024-GNS

UNITED STATES OF AMERICA										PLAINTIFF

v.

SETH KIRBY											DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion for detention of Seth Kirby ("Kirby") pending sentencing and Kirby's motion for release pending sentencing. For the reasons stated herein, the United States' motion is **GRANTED** and Kirby's motion is **DENIED**.

### I.     BACKGROUND

On September 9, 2015, a grand jury sitting in Bowling Green, Kentucky returned an indictment against Kirby for knowingly attempting to transport child pornography and two counts of knowingly receiving child pornography. (Indictment, DN 1). Magistrate Judge Brennenstuhl conducted Kirby's initial appearance and arraignment on September 11, 2015, at which point Kirby pleaded not guilty. (Order, DN 10). On January 15, 2016, Kirby appeared before this Court, pleaded guilty, and the Court accepted his guilty plea. (Order, DN 17).

At Kirby's change of plea hearing, the Court ordered the parties to brief the issue of release versus detention pending sentencing. (Order, DN 17). The United States filed its Memorandum on January 19, 2016 (Pl.'s Mem. in Supp. of Oral Mot. to Detain Pending Sentencing, DN 18 [hereinafter Pl.'s Mem.]), and Kirby filed his Memorandum in Support of Defendant's Motion to Continue Pre-Trial Release Until Sentencing or Self-Surrender Upon

Designation of Prison on January 21, 2016 (Def.'s Mem. in Supp. of Def.'s Mot. to Continue Pre-Trial Release Until Sentencing or Self-Surrender Upon Designation of Prison, DN 19 [hereinafter Def.'s Mem.]). The motions are ripe for adjudication.

## II.     DISCUSSION

Pursuant to 18 U.S.C. § 3143(a)(2), Kirby is required to be detained following his guilty plea absent exceptional circumstances. Kirby argues that he qualifies for release under 18 U.S.C. § 3145(c), because he can "clearly show[] that there are exceptional reasons why [his] detention would not be appropriate." (Def.'s Mem. 2-5). He points to his perfect record of supervision while on pre-trial release, the fact that he has never missed a court appearance or appointment with his probation officer, that he has undertaken treatment for the issues that caused the criminal conduct, that he is presently seeing a psychologist for one-on-one therapy, and that he has been keeping a work book in conjunction with his therapy and working through it. (Def.'s Mem. 3-4). Kirby also points to his assistance with authorities. (Def.'s Mem. 4).

The United States argues that this case is virtually indistinguishable from a prior ruling of this Court in a similar case. (Pl.'s Mem. 2-3). In *United States v. Salazar*, No. 3:06CR-112-H, 2007 WL 542390 (W.D. Ky. Feb. 16, 2008), this Court ordered a defendant into custody pending sentencing for the same charges as Kirby and who, like Kirby, was participating in out-patient treatment related to his offenses. *Id.* at *1-2. This Court noted that, "[i]t certainly appears contrary to the interests of society that Salazar be prevented from undergoing treatment that so benefits himself and society. However, Congress has given the Courts very little discretion in these circumstances." *Id.* at *2. The Court found that Salazar's participation in outpatient treatment did not constitute an exceptional circumstance under 18 U.S.C. § 3145. *Id.*

Another instructive opinion, *United States v. Christman*, 712 F. Supp. 2d 651 (E.D. Ky. 2010), comes from our sister district. In *Christman*, the Court noted "the ordinary meaning of 'exceptional' suggests that only reasons that are 'out of the ordinary,' 'uncommon,' or 'rare' would qualify" under 18 U.S.C. § 3145(c) and stated that "at a minimum, exceptional reasons entail a showing that detaining the defendant through sentencing works a particular injustice." *Id.* at 654 (citing *United States v. Miller*, 568 F. Supp. 2d 764, 774 (E.D. Ky. 2008)). The Court then evaluated the factors presented by Christman, which included "substantial hardship on his family, and on his seventeen-month-old child in particular," enrollment in summer courses in pursuit of a college degree, cooperation with the government, and that he was "'exceptionally' unlikely to flee . . . ." *Id.* at 655. The court was "sympathetic to [Christman's] situation and commend[ed] him for the steps that he ha[d] taken," but found that "taken either individually or collectively, [the facts underlying his argument for release] cannot be considered exceptional within the meaning of § 3145(c)." *Id.* at 656.

As *Christman* and *Salazar* recognize, "exceptional" is a high bar to clear. This standard can be met by a prognosis of a life expectancy of three months due to stage IV cancer. *United States v. Goss*, No. 3:12-CR-66-TAV-HBG-1, 2015 WL 914708, at *2 (E.D. Tenn. Mar. 3, 2015). The presence of a "direct and substantial challenge on appeal to the factual underpinning of the element of violence upon which [the] sole conviction stands or fails, in the absence of risk of flight or danger to the community," may be "exceptional." *United States v. DiSomma*, 951 F.2d 494, 498 (2d Cir. 1991). Even "[t]ime-sensitive surgeries and serious disruptions of family life may constitute 'exceptional reasons' within the ambit of § 3145(c)," at least when the "serious disruption" is the homelessness of the defendant's wife and children absent his income during his wife's convalescence from surgery to repair an umbilical hernia. *United States v.*

*Williams*, 903 F. Supp. 2d 292, 293, 302 (M.D. Pa. 2012). Kirby's circumstances, by contrast, are not out of the ordinary, uncommon, or rare, nor do they show that detaining him through sentencing would work a particular injustice.

Defendant's citation of statistics from similar cases from the Western District are not particularly helpful, absent some analysis of the circumstances presented or any indication that this precise issue was considered in any of those instances. As in *Salazar,* it appears contrary to the interests of society that Kirby be prevented from undergoing treatment that may benefit him and, thus, society. The dictates of Congress as set forth in the statute have not changed, however, with the result that this issue does not lie within the Court's discretion unless the circumstances are truly extraordinary. Accordingly, because he has not shown exceptional circumstances warranting release, Kirby is subject to mandatory detention under 18 U.S.C. § 3143(a)(2) pending sentencing in this matter.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the United States' motion to detain Kirby pending sentencing is **GRANTED** and Kirby's motion for release pending sentencing is **DENIED**. Kirby **SHALL** self-report to the United States Marshals Service within forty-eight (48) hours of the filing of this Memorandum Opinion and Order.

**Greg N. Stivers, Judge**
**United States District Court**
February 8, 2016

cc: counsel of record

4